Case 7:22-cv-00089   Document 20   Filed on 12/12/22 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
December 12, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| RODNEY KWAMÉ DARRINGTON, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> STATE OF TEXAS, § <br> HIDALGO COUNTY JAIL, § <br> CITY OF EDINBURG, § <br> OFFICER PALOMO, § <br> OFFICER HINOJOSA, § <br> Defendants. § | CIV. ACTION NO. 7:22-cv-00089 |

## REPORT & RECOMMENDATION

On March 21, 2022, Rodney Kwamé Darrington (Plaintiff), while an inmate in Collin County Detention Center and proceeding *pro se*, filed Complaint for Violation of Civil Rights. (Dkt. No. 1.) Within the petition, Plaintiff was attempting to take legal action against the State of Texas, the Hidalgo County Jail, the City of Edinburg, and Detention Officers Palomo and Hinojosa under 42 U.S.C. § 1983 for violations of Plaintiff's 8th and 14th Amendment rights, as well as violations of Articles 2, 3, and 5 of the Declaration of Human Rights. (Dkt. No. 1 at 3-4.) On May 23, 2022, Plaintiff was granted permission to be proceed *in forma pauperis*. (Dkt. No. 12.) Afterward, on August 3, 2022, Plaintiff filed a letter informing the Clerk's Office that Plaintiff had been released from Collin County Detention Center and providing an updated address. (Dkt. No. 16.) On September 9, 2022, an Order was issued advising Plaintiff that even though Plaintiff was released from custody he was still required to pay the filing fee on an installment basis pursuant to being granted permission to proceed *in forma pauperis*. (Dkt. No. 18.)

After initially complying with court orders and inquiring about paying the appropriate filing fee, Plaintiff has discontinued any correspondence or contact with the U.S. District Clerk's

1

Office – McAllen Division, including failing to advise Clerk of his current address and payment of required filing fee installments.

Accordingly, based on such activity, the undersigned recommends that the cause of action be **DISMISSED** for failure to prosecute.

## BACKGROUND

Plaintiff, while incarcerated as inmate in Collin County Detention Center, filed a civil rights complaint on March 21, 2022, against two detention officers, the State of Texas, the Hidalgo County Jail, and City of Edinburg. (Dkt. No. 1 at 3.) Within the complaint, Plaintiff alleges that in August 2021, two detention officers with the Hidalgo County Jail, identified as "Officer Palomo" and "Officer Hinojosa", "brutally" assaulted Plaintiff by slamming Plaintiff on the ground while his "hands were in the air begging them not to hurt [Plaintiff]." *Id.* at 6. Then, the officers dragged Plaintiff into a cell while continuing to assault Plaintiff and "twisting" his wrists. In the course of the assault, a detention officer utilized a taser on Plaintiff's spine. In the end, the excessive force resulted in a fractured wrist and broken fingers. *Id.* Plaintiff sought both compensatory and punitive damages from the Defendants for said assault. *Id.*[1]

In filing the complaint, Petitioner utilized a standard form provided by the Administrative Office of the U.S. Courts and entitled "Pro Se 14 (Rev. 12/16) Complaint for Violations of Civil Rights (Prisoner)". *See generally*, Dkt. No. 1. Within the form, Plaintiff provided his current

---

[1] This is not the first time Plaintiff had filed such a civil rights lawsuit. (Dkt. No. 1 at 11.) In 2012, Plaintiff, represented by counsel, filed a similar lawsuit alleging excessive force by law enforcement against the City of Corpus Christi, Texas and three officers in federal court under 18 U.S.C. § 1983 and related state claims of intentional infliction of emotional distress and assault and battery. *See Darrington v. City of Corpus Christi, Texas, et al.*, Case No. 2:12-cv-0139, Dkt. No. 1. As a result of such allegations, both of the Plaintiff's wrists were allegedly broken. *Id.*, Dkt. No. 1 at 3, ¶ 8. The suit was settled on or about Jan. 3, 2013, and dismissed on Jan. 16, 2013. *Id.*, Dkt. Nos. 16, 19.

2

address at the time of filing, which was a jail facility located in McKinney, Collin County, Texas. *Id.* at 12. Within that section, the following is set out:

> I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in dismissal of my case.

*Id.*

On March 29, 2022, an Order was issued advising Plaintiff to pay a filing fee of $350 or file a request to proceed *in forma pauperis*. Within the Order, Plaintiff was advised that notices were only going to be sent to address on file and that "Plaintiff must keep the Clerk advised in writing of his current address and promptly file a change of address when necessary." (Dkt. No. 2 at 2.) Plaintiff was admonished that failure to advise of any address change may be considered a failure to prosecute and may lead to dismissal of the case. *Id.* Subsequently, in a letter received by the Clerk's Office on April 7, 2022, Plaintiff clarified his address at the Collin County Detention Facility in McKinney, Texas, by providing an updated building and cell location. *Compare* Dkt. No. 3 at 1 *with* Dkt. No. 1-2 at 1.

The initial application to proceed *in forma pauperis* was received by the Clerk's Office on April 11, 2022 (Dkt. No. 4), and was granted on May 23, 2022 (Dkt. No. 12). In the Order granting permission to proceed *in forma pauperis*, it was explained that Plaintiff would be required to pay the filing fee on an installment basis. (Dkt. No. 12 at 2-3.) As part of the Order, Plaintiff's Collin County Detention Center account would be garnished for payment of the filing fee installments. *Id.* Plaintiff was once again admonished that failure to provide update on current address may lead to dismissal of the case. *Id.* at 4. A payment of $48.07 and $6.00 was received by the Clerk's Office, respectively, on June 13 and July 28, 2022. On April 19, 2022, within an Order seeking a more definite statement, Plaintiff was once again admonished to continue updating the court with

3

any change of address and the failure to do so may lead to dismissal of his claim. (Dkt. No. 8 at 6.) On May 16, 2022, the Clerk's Office received Plaintiff's response and Plaintiff was still being held at the Collin County Detention Center. (Dkt. No. 11-2.)

On June 23, 2022, an Order for *Martinez* Report was issued to Hidalgo County based on Plaintiff's claims of excessive force at the Hidalgo County Detention Center. (Dkt. No. 14.) The Order was issued to allow the court to review the pleadings pursuant to the Prison Litigation Reform Act to determine if the pleadings have any merit to proceed forward. *Id*. at 2 (citing 28 U.S.C. §§ 1915(e)(2)(B); 1915 A(b)).[2]

On August 3, 2022, Petitioner provided a change of address to the Clerk's Office providing an updated address in Corpus Christi, Texas, and advising that Plaintiff had been released from Collin County Detention Center. (Dkt. No. 16.) The address provided was the same address listed on a subpoena request initially provided with the habeas petition. *See* Dkt. No. 1-1.

On August 26, 2022, Hidalgo County provided a response to the request for *Martinez* report setting out that there were no administrative records or medical records pertaining to the allegations of Plaintiff from August 2021. (Dkt. No. 17 at 1.)

On September 9, 2022, because Plaintiff had been released from custody in Collin County, a Fee Collection Order was issued advising Plaintiff that Plaintiff still needed to pay the filing fee on an installment basis even though Plaintiff had been released from custody as well as advising Plaintiff of Hidalgo County's response to the request for *Martinez* Report. (Dkt. No. 18 at 1-2.) Plaintiff was provided until October 10, 2022, to provide the next installment payment of $25.00.

---

[2] As noted within the Order, "the court may require the defendant in prisoner-rights cases to construct an administrative record to assist the court in determining whether the complaint is frivolous." *Id*. at 2 (quoting *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) (citations omitted)).

*Id.* at 3. Plaintiff was admonished that failure to pay the installment may lead to dismissal for want of prosecution. *Id.*

On the date of the issuance of the Fee Collection Order, a docket entry was set noting that Mr. Darrington had called the Clerk's Office in McAllen, Texas, on September 7, 2022, requesting the balance due for the filing fee and if there was a due date for payment of the filing fee. (Dkt. Entry dated September 9, 2022.) Per the entry, "[a]ttempts were made on 9/8/22 and 9/9/22 to reach Mr. Darrington at the number provided, but was unable to leave a message advising of the information requested." *Id.*

On October 7, 2022, the Fee Collection Order and *Martinez* Response were returned to Clerk's Office as undeliverable to address provided by Petitioner in Corpus Christi, Texas. (Dkt. No. 19.) Plaintiff has not contacted the Clerk's Office since the call on September 7, 2022.

## ANALYSIS

Based on Petitioner's failure to provide an updated address with the Clerk's Office, Petitioner's civil action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Such a dismissal may be made upon the court's own motion or on motion by the opposing party. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party proceeding *pro se*, the "right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Further, "[c]ourts are given the power to invoke this sanction to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district court." *Edwards v. Harris County Sheriff's Dept.*, 864 F. Supp. 633,

636 (S.D. Tex. 1994) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)); *see also Arthur v. Parkland Health*, No. 3:17-CV-1659-C-BH, 2017 WL 4480774, at *2 (N.D. Tex. Sept. 20, 2017) (dismissing a prisoner's lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders if prisoner failed to pay remainder of filing fee by designated deadline).

When reviewing this issue, the following factors must be considered: docket management, public interest in efficient and judicious resolution of litigated matters, defendant's risk of prejudice from such delay and "the policy favoring disposition of cases on their merits." *Edwards*, 846 F. Supp. at 636 (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991); *Citizens Util. Co. v. American Tel. & Tel. Co.*, 595 F.2d 1171, 1174 (9th Cir. 1979)). The court should consider the plaintiff's role in the delay, any prejudice to the defendant because of the delay, and if the plaintiff intentionally caused the delay. *Id.* at 636-637 (citing *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985)).

In this matter, the Plaintiff has been aware since the initial filing of his civil action that he is required to provide the Clerk's Office notice of his current address pursuant to the form utilized to file the civil action. (Dkt. No. 1 at 12.) Petitioner was advised of the need to keep the Clerk's Office informed of any updated address in multiple Orders. *See generally*, Dkt. Nos. 2, 8, 12. Furthermore, the local rules also require a *pro se* litigant to keep the clerk's office abreast of any change of address. L.R. 83.4 (S.D. Tex. May 2020). "A lawyer or *pro se* litigant is responsible for keeping the clerk advised in writing of the current address." *Id.*

Petitioner initially complied with this request by providing updated addresses on April 7, 2022, and August 3, 2022. (Dkt. Nos. 3, 16.) Petitioner also called the Clerk's Office as of September 7, 2022, inquiring about the case. However, since then, there has been no additional

6

filings or communications with the District Clerk. Due to this lack of diligence by the Plaintiff since September 2022 and Plaintiff's failure to provide an updated address or continue making the required installment payments, the complaint should be dismissed for failure to prosecute.[3] *See Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (noting that "the failure of a *pro se* litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."); *see also Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) ("A district court may sua sponte dismiss an action for failure to prosecute or to comply with any court order." (citing Fed. R. Crim. P. 41(b); *McCullough*, 835 F.2d at 1127)).

## CONCLUSION

### *Recommended Disposition*

For the foregoing reasons, the undersigned recommends that this action be **DISMISSED** for want of prosecution.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The district judge to whom this case is assigned shall make a de novo determination upon

---

[3] Based on the information provided by Hidalgo County pursuant to Order for *Martinez* Report (Dkt. No. 17 (setting out that there are no administrative or medical records of any assault)), the complaint most likely would have been dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i); 1915A(b)(1). "Under the Prison Litigation Reform Act ("PLRA"), district courts must dismiss prisoners' *in forma pauperis* claims if they allege frivolous actions or fail to state a claim upon which relief may be granted." *Davis v. Lumpkin*, 35 F.4th 958, 962 (5th Cir. 2022) (citing 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii)). "A prisoner's claim will be dismissed as frivolous under the PLRA 'if it has not arguable basis in law or in fact.'" *Id.* (citing *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998)). Based on the records, or lack thereof, provided by Hidalgo County, there appears to be no basis in fact to support Petitioner's claim. *See also Dobbs v. Warden*, No. 21-10657, 2022 WL 4244283, at *1 (5th Cir. Sept. 15, 2022) ("A district court may sua sponte dismiss a prisoner's IFP [*in forma pauperis*] civil rights complaint pursuant §1915(e)(2) if, among other things, it is frivolous or fails to state a claim on which relief can be granted.").

the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Plaintiff's last known address on file with the Clerk's Office by any receipted means.

The Clerk shall provide a courtesy copy to counsel for Hidalgo County.

**DONE** at McAllen, Texas this 12th day of December, 2022.

_____
Juan F. Alanis
United States Magistrate Judge